PHILLIP A. TALBERT
Acting United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:16-MC-00033-MCE-KJN |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $22,000.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture (ECF No. 6), the Court finds:

1. On October 2, 2015, agents with the Drug Enforcement Administration ("DEA") contacted Carbonaro at the Sacramento International Airport in Sacramento, California. Approximately $22,000.00 in U.S. Currency ("defendant currency") was seized from Shawna Carbonaro aka Shawna Floyd ("Carbonaro" or "claimant") during this encounter.

2. The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about November 28, 2015, the DEA received a claim from Carbonaro asserting an ownership interest in the defendant currency.

3. Claimant does not contest the United States' representation that it could show at a forfeiture trial the following: On October 2, 2015, agents with the DEA received information regarding travel by Carbonaro. Law enforcement agents responded to the terminal and observed Carbonaro exit the flight and begin walking towards the terminal exit. A law enforcement officer approached Carbonaro

and requested permission to speak with her.  The government contends that Carbonaro stayed and spoke with the officer.

4. Claimant does not dispute the United States' representation that it could show at a forfeiture trial that a DEA agent informed her that her two carry-on bags were being detained pending investigation.  The government contends that a drug detection dog alerted to the smell of narcotics on the bags in Carbonaro's presence.

5. Claimant does not dispute the United States' representation that it obtained a search warrant that same day for Carbonaro's two carry-on bags.  The agent located a total of $22,000.00 in cash inside two unopened t-shirt packages.  The government contends the drug detection dog also positively alerted to the smell of narcotics on the cash.

6. Claimant does not contest the United States could further show at a forfeiture trial that Carbonaro has a criminal history that includes arrests for trafficking and possession of controlled substances.

7. Claimant does not contest the United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

8. Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency.  Carbonaro hereby acknowledges that she is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

11. The parties herein desire to settle this matter pursuant to the terms of a duly executed

Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

12. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

13. Upon entry of this Consent Judgment of Forfeiture, $11,000.00 of the Approximately $22,000.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

14. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $11,000.00 of the Approximately $22,000.00 in U.S. Currency shall be returned to claimant Shawna Carbonaro aka Shawna Floyd through her attorney Jacek W. Lentz.

15. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant waived the provisions of California Civil Code § 1542.

16. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

17. All parties will bear their own costs and attorney's fees.

18. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated: May 12, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE